*07 CIV 9523*

Judge Berman

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH PESNELL,<br><br>Plaintiff,<br><br>-v-<br><br>VIACOM INTERNATIONAL, INC. and SPHERION, INC.<br><br>Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY DEMAND<br><br>*OCT 25 2007*<br>*U.S.D.C. S.D.N.Y.*<br>*CASHIERS* |

## NATURE OF THE ACTION AND THE PARTIES

1. This is an action to redress unlawful employment practices, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), on the basis of his race, color and national origin, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §290 et seq. and the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code §8 -101 et seq.

2. Plaintiff Kenneth Pesnell ("Mr. Pesnell" or "Plaintiff") is an adult residing in Brooklyn, New York. Mr. Pesnell is of African decent (Black) from the nation of Trinidad and Tobago.

3. Defendant Viacom International, Inc. ("Viacom" or "Defendant") is business corporation organized under the laws of the State of Delaware. They can be found at 1515 Broadway, New York, NY 10036. Viacom International, a subsidiary of Viacom, an American media conglomerate with various worldwide interests in cable and satellite television networks, such as, Music Television Networks ("MTV") and Black Entertainment Television ("BET"),

1

and movie production and distribution (the Paramount Pictures and DreamWorks movie studios).

4. Viacom employs Jim Harrison ("Harrison") as a manager in its office located at 1515 Broadway, New York, NY 10036. Viacom employs Tatman Lam ("Lam") as a Desktop Manager in its computer services division located at1515 Broadway, New York, NY 10036.

5. Defendant Spherion is an employment agency located at 1400 Old Country Road, Suite 411, Westbury, NY 115530. Viacom has absolute control of Spherion with respect to any employment decisions on the placement and employment of temporary employees placed with Viacom.

6. Spherion employs Alex Constantantos ("Constantantos") as an Account Executive, Infrastructure Solutions

7. En Point Technologies, Inc. is an employment agency located at 100 North Sepulveda Blvd., 19th Floor, El Segundo, CA 90245. Viacom has absolute control of En Point with respect to any employment decisions on the placement and employment of temporary employees placed with Viacom.

8. En Point Technologies employs Ronald March ("March") as an account executive.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and because all causes of action accrued within New York County, New York.

11. On September 11, 2007, the EEOC issued a Notice of Right To Sue, which Plaintiff received several days later.

2

12. Mr. Pesnell has satisfied all of the statutory prerequisites to filing suit in this Court.

13. Plaintiff seeks an award of appropriate relief.

## FACTS

15. In July 2004, Mr. Pesnell was placed for temporary employment with Viacom through En Point Technologies to work as a computer consultant at Viacom's place of business in the City of New York.

16. From August 2004, through February 2005, Lam and Harris subjected Mr. Pesnell to disparate treatment, including but not limited to assigning Mr. Pesnell to projects that were not in his contract, refusing to modify the contract to reflect the work performed because of his race and national origin,

17. On or about November 9, 2 004, Mr. Pesnell requested Harrison to hire him as a full time Viacom employee given that it was well known that Viacom was in the process of hiring fulltime employees. Harrison declined to commit to hiring Mr. Pesnell for the supposed reason of waiting for next years budget.

18. On or about January 17, 2005, Viacom hired an equally or less qualified employee who is neither Trinidadian nor Black for the position occupied by Mr. Pesnell.

19. In February 2005, Mr. Pesnell again requested Viacom to hire him for another available full time position. Viacom, through Lam, again refused to hire Mr. Pesnell. Rather than hiring Mr. Pesnell as a full time Viacom employee with the salary and benefits of full time employment, Lam directed Spherion to employ Mr. Pesnell as a contract employee working for Viacom. Although Mr. Pesnell would be required to meet all of the performance standards of a full time Viacom employee, his position through Spherion would pay substantially less than a

3

full time Viacom employee with no benefits such as a medical and dental insurance and a retirement plan.

20. On or about February 11, 2005, Constantantos, acting as an agent for Viacom, was instructed to employ Mr. Pesnell. Constantantos, however, was under instructions to offer Mr. Pesnell a rate of pay that would be no better than a less experienced technician would have received. Such onerous term was intended to discourage Mr. Pesnell from accepting such a position. Mr. Pesnell, however, attempted to bargain for a better deal. Constantantos, however, was under instructions from Viacom and as such, he simply called Mr. Pesnell ignorant and hung up his telephone receiver.

21. Mr. Pesnell, on information and belief, knows that Spherion does not treat similarly situated non-Black and non-Trinidadian applicants in such a discriminatory manner.

22. Finally, on or about February 11, 2005, Viacom instructed its agent, En Point, through March, to terminate Mr. Pesnell's service contract which effectively terminated his employment with Viacom.

## COUNT ONE
## (TITLE VII)

23. Mr. Pesnell repeats and realleges every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as though fully set forth herein.

24. Defendants Viacom and Spherion each employ more than 100 employees.

25. At all relevant times, Defendants Viacom and Spherion were employers within the meaning of the Title VII.

26. At all relevant times, Mr. Pesnell was an "employee" within the meaning of Title VII.

27. Defendants Viacom and Spherion's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis of race and national origin in violation of Title VII.

28. Defendants Viacom and Spherion's conduct, as alleged herein, was carried out with malice or reckless disregard for Mr. Pesnell's protected right to be free from discrimination.

29. As a result Viacom's unlawful conduct, Mr. Pesnell has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Mr. Pesnell is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Viacom under Title VII.

30. As a further result of Defendants Viacom and Spherion's unlawful conduct, Mr. Pesnell has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Mr. Pesnell is entitled to recover damages for such injuries from Viacom under Title VII.

### COUNT TWO
### (NYSHRL)

31. Mr. Pesnell repeats and realleges every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as though fully set forth herein.

32. At all relevant times, Defendants Viacom and Spherion were an "employer" within the meaning of the NYSHRL, N.Y. Exec. Law § 290 et seq.

5

33. At all relevant times, Mr. Pesnell was an "employee" within the meaning of the NYSHRL and a "person" within the meaning of the NYSHRL.

34. Defendants Viacom and Spherion's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of on the basis of race and national origin in violation of the NYSHRL.

35. As a result of Defendants Viacom and Spherion's unlawful conduct, Mr. Pesnell has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Mr. Pesnell is entitled to recover such monetary and other damages, from Viacom under the NYSHRL.

36. As a further result of Defendants Viacom and Spherion's unlawful conduct, Mr. Pesnell has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Mr. Pesnell is entitled to recover damages for such injuries from Viacom under the NYSHRL.

## COUNT THREE
## NYCHRL

37. Mr. Pesnell repeats and realleges every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as though fully set forth herein.

38. At all relevant times, Defendants Viacom and Spherion were an "employer" within the meaning NYCHRL. N.Y.C. Admin. Code §8-101 et seq.

39. At all relevant times, Mr. Pesnell was an "employee" within the meaning of the NYCHRL and a "person" within the meaning of the NYCHRL.

40. Defendants Viacom and Spherion's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of race and national origin in violation of the NYCHRL.

41. As a result of Viacom' unlawful conduct, Mr. Pesnell has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Mr. Pesnell is entitled to recover such monetary and other damages, from Defendants Viacom and Spherion under the NYCHRL.

42. As a further result of Viacom' unlawful conduct, Mr. Pesnell has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Mr. Pesnell is entitled to recover damages for such injuries from Defendants Viacom and Spherion under the NYCHRL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests judgment as follows:

(A) On Count One, enter a judgment declaring the acts and practices of the Defendants to be in violation of the Title VII.

(B) On Count One, award Plaintiff as against the Defendants loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of said Defendants' unlawful discrimination, unlawful harassment, in accordance with Title VII and other supporting laws.

(C) On Count One, award Plaintiff as against the Defendants consequential damages for

losses resulting from Defendants' unlawful discrimination and unlawful harassment in accordance with Title VII and other supporting laws.

(D) On Count One, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with Title VII and other supporting laws.

(E) On Count One, award Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees, in accordance with Title VII and other supporting laws.

(F) On Count Two, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYSHRL.

(G) On Count Two, award Plaintiff as against Defendants loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of said Defendants' unlawful discrimination, unlawful harassment, in accordance with the NYSHRL.

(H) On Count Two, award Plaintiff as against Defendant consequential damages for losses resulting from Defendants' unlawful discrimination and unlawful harassment in accordance with the NYSHRL.

(I) On Count Two, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYSHRL.

(J) On Count Two, award Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees, in accordance with the NYSHRL.

(K) On Count Three, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYCHRL.

(L) On Count Three award Plaintiff as against Defendants consequential damages for losses resulting from Defendant's unlawful discrimination in accordance with the NYCHRL.

(M) On Count Three, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYCHRL.

(N) Grant Plaintiff such other and further relief as may be necessary and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all issues triable by jury.

Dated: New York, New York

October 25, 2007.

By: _____
LOCKSLEY O. WADE (LW 0078)
LAW OFFICE OF LOCKSLEY O. WADE, LLC
15 W. 39th Street, 3rd Floor
New York, NY 10018
(212) 220-3610
(212) 253-4142 (facsimile)
lwade@lwade-law.com
*Attorney for Plaintiff*