UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KENNETH PESNELL,

                    Plaintiff,

        - against -

VIACOM INTERNATIONAL, INC. and
SPHERION, INC.

                    Defendants.

Docket No. 07 CIV 9523 (RMB)

**ANSWER**

---

        Defendant Viacom International Inc. ("Viacom"), by its attorneys, Kauff McClain & McGuire LLP, hereby answers the Plaintiff's Complaint (the "Complaint") as follows:

        1.    Denies the allegations in paragraph 1 of the Complaint, except admits that Plaintiff purports to bring an action against Viacom under Title VII of the Civil Rights Act of 1964, under the New York State Human Rights Law, and under the New York City Human Rights Law.

        2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, except admits Plaintiff is an adult male and that Plaintiff is Black.

        3.    Denies the allegations in paragraph 3 of the Complaint, except admits that Viacom International Inc. is a global media company, organized under the laws of the State of Delaware, with its principal place of business at 1515 Broadway, New York, New York 10036.

4. Denies the allegations in paragraph 4 of the Complaint and, further answering, avers that Jim Harrison is employed by Viacom as Senior Director, Client Services and Tatman Lam is employed by Viacom as Manager, Desktop Support and that both are employed at 1515 Broadway, New York, New York 10036.

5. Denies the allegations in paragraph 5 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Spherion's business and location.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Denies the allegations in paragraph 7 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning En Pointe's business and location.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint set forth legal conclusions to which no answer is required. To the extent that paragraph 9 may be deemed to contain any allegations to which a responsive pleading is required, Viacom denies those allegations, except admits that Plaintiff purports to invoke the jurisdiction of this Court.

10. The allegations contained in Paragraph 10 of the Complaint set forth legal conclusions to which no answer is required. To the extent that paragraph 10 may be deemed to contain any allegations to which a responsive pleading is required,

Viacom denies those allegations, except admits that Plaintiff purports to establish venue in this Court.

11.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.   Denies the allegations in paragraph 13 of the Complaint, except admits that Plaintiff purports to seek an award.

14.   The Complaint does not contain a paragraph 14.

15.   Denies the allegations contained in paragraph 15 of the Complaint, except admits that En Pointe Technologies assigned Plaintiff to work as a computer consultant at Viacom's place of business and that Viacom's place of business is in the City of New York.

16.   Denies the allegations contained in paragraph 16 of the Complaint.

17.   Denies the allegations contained in paragraph 17 of the Complaint, except admits that Plaintiff expressed an interest in becoming employed by Viacom.

18.   Denies the allegations contained in paragraph 18 of the Complaint.

19.   Denies the allegations contained in paragraph 19 of the Complaint, except admits that Plaintiff expressed an interest in becoming employed by Viacom.

20.   Denies the allegations contained in paragraph 20 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the

allegations concerning whether Constantantos called Plaintiff "ignorant" and whether Constantantos "hung up his telephone receiver."

21. Denies the allegations contained in paragraph 21 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Spherion's practices.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Repeats and realleges the answers to paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, except admits that Viacom employs more than 100 employees.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, except admits that Viacom is an employer within the meaning of Title VII.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Repeats and realleges the answers to paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, except admits that Viacom is an employer within the meaning of the New York State Human Rights Law.

33. Denies the allegations contained in paragraph 33 of the Complaint, except admits that Plaintiff is a "person" within the meaning of the New York State Human Rights Law.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Repeats and realleges the answers to paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, except admits that Viacom is an employer within the meaning of the New York City Human Rights Law.

39. Denies the allegations contained in paragraph 33 of the Complaint, except admits that Plaintiff is a "person" within the meaning of the New York City Human Rights Law.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies that Plaintiff is entitled to any of the relief demanded in the Wherefore clauses or any relief whatsoever.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over all or part of the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The Court lacks or should decline to exercise supplemental jurisdiction over Plaintiff's state or city law causes of action.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has failed to mitigate his alleged damages, any entitlement to which is expressly denied.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred insofar as it relates to events which occurred or are alleged to have occurred more than 300 days prior to the filing of a charge of discrimination with the EEOC.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred insofar as it relies on facts that are not alleged in an administrative charge of discrimination.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not been subjected to any tangible or adverse job action.

### NINTH AFFIRMATIVE DEFENSE

All actions taken by Viacom with regard to Plaintiff's employment were taken for legitimate, nondiscriminatory reasons.

### TENTH AFFIRMATIVE DEFENSE

The employment actions at issue were taken in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

The complaint is barred because Plaintiff unreasonably failed to avail himself of an internal grievance policy with respect to claims of discrimination.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff availed himself of an internal grievance policy with respect to claims of discrimination, which Viacom denies, Viacom has taken prompt and effective remedial action in response to Plaintiff's allegations of discrimination.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by such additional defenses as Viacom may have that cannot now be articulated due to the generality of portions of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Viacom reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

WHEREFORE, Viacom respectfully requests that the Complaint be dismissed with prejudice and that Viacom be awarded costs, including reasonable attorneys' fees.

Dated: New York, New York
       November 19, 2007

KAUFF McCLAIN & McGUIRE LLP

By: /s/ Michele A. Coyne

Michele A. Coyne (MC 1795)
950 Third Avenue, 14th Floor
New York, New York 10022
(212) 644-1010
Attorneys for Defendant
Viacom International Inc.