UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH PESNELL,<br><br>        Plaintiff,<br><br>    -against-<br><br>VIACOM INTERNATIONAL, INC. and SPHERION INC.,<br><br>        Defendant. | Case No: 07-CIV-9523 (RMB)<br><br>**ANSWER**<br>**ON BEHALF OF DEFENDANT**<br>**SPHERION ATLANTIC**<br>**ENTERPRISES, LLC**<br><br>**ECF CASE** |

Defendant Spherion Atlantic Enterprises LLC ("Spherion") by and through its counsel, Fox Rothschild, LLC, states in answer to the Complaint, as follows:

### AS TO THE NATURE OF THE ACTION AND THE PARTIES

1.    Defendant denies the allegation contained in paragraph 1 except to admit that Plaintiff purports to bring claims under 42 U.S.C. §2000 E et seq. ("Title VII"), the New York State Human Rights Law and the New York City Human Rights Law.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies same.

3.    Defendant admits that Viacom International, Inc. is a corporation with a place of business located at 1515 Broadway, New York, New York 10036. Except as so admitted, Defendant states that the allegations contained in paragraph are not directed to this Defendant. To the extent that a response is required, Defendant denies the allegations contained in paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5 except to admit that Defendant has a place of business located at 1400 Old Country Road Suite 411, Westbury, New York 115530.

6. Defendant admits the allegations contained in paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies same.

## AS TO JURISDICTION AND VENUE

9. The allegations contained in paragraph 9 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

## AS TO THE FACTS

14. There is no paragraph number 14 contained in Plaintiff's Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies same, except that Defendant specifically denies that Lam directed Spherion to employ Plaintiff as a contract employee working for Viacom.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant objects to the allegations in paragraph 21 as written and specifically denies that it acts discriminatorily with respect to any of its applicants/employees.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies same.

## AS TO COUNT I (TITLE VII)

23. Defendant repeats its responses to the allegations contained in paragraphs 1 through 22 of the Complaint as if set forth fully at length herein.

24. Defendant admits the allegations contained in paragraph 24.

25. The allegations contained in paragraph 25 constitute a legal conclusion to which no response is necessary. To the extent that a response is necessary, Defendant denies the allegations contained in paragraph 25.

26. The allegations contained in paragraph 26 constitute a legal conclusion to which no response is necessary. To the extent that a response is necessary, Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

## AS TO COUNT II (NYSHRL)

31. Defendant repeats its responses to the allegations contained in paragraphs 1 through 30 of the Complaint as if set forth fully at length herein.

32. The allegations contained in paragraph 32 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 32.

33. The allegations contained in paragraph 33 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

## AS TO COUNT III (NYCHRL)

37. Defendant repeats its responses to the allegations contained in paragraphs 1 through 36 of the Complaint as if set forth fully at length herein.

38. The allegations contained in paragraph 38 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 38.

39. The allegations contained in paragraph 39 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has waived any claim he may have, which is denied, to seek relief against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and barred by his own conduct from recovering any relief.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or the damages he may recover, are barred or at least reduced by his failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statutes of limitation.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is time barred on the grounds that it is based upon events occurring more than 300 days before the filing of Plaintiff's administrative charge.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred on the grounds that it asserts facts not alleged in Plaintiff's administrative charge.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred because the applicable administrative procedures and conditions precedent were not properly effectuated or complied with prior to the commencement of this action.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant relied on legitimate nondiscriminatory factors/reasonable factors with regard to all actions regarding and/or allegedly regarding Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the insufficiency of process and insufficiency of service of process.

### FIFTEENTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of laches.

### SIXTEENTH AFFIRMATIVE DEFENSE

This Court lacks and/or should decline to exercise supplemental jurisdiction over Plaintiff's state and/or municipal law causes of action.

WHEREFORE, Defendant requests judgment dismissing the Complaint against it with prejudice, together with its attorneys' fees and costs of suit.

FOX ROTHSCHILD LLP
Attorneys for Defendant
Spherion Corporation

By: *[signature]*
DONIA SAWWAN (DS 9338)
100 Park Avenue, Suite 1500
New York, New York 10017
Telephone: (212) 878-7900
Facsimile: (212) 692-0940

Dated: November 29, 2007
New York, New York

CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2007, the foregoing Answer was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Locksley O'Sullivan Wade
Law Office of Locksley O. Wade, LLC
15 West 39th Street, 3rd Floor
New York, NY 10018
Email: lwade@lwade-law.com
Attorney for Plaintiff

Michele Ann Coyne
Kauff McClain & McGuire LLP
950 Third Avenue, 14th Floor
New York, NY 10022
Email: coyne@kmm.com
Attorney for Defendant Viacom International, Inc.

*/s/ Donia Sawwan*
Donia Sawwan

Dated: November 29, 2007