FUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH PESNELL,

        Plaintiff,

    - against -

VIACOM INTERNATIONAL, INC. and
SPHERION, INC.

        Defendants.

VIACOM INTERNATIONAL INC.,

       Third-Party Plaintiff,

    - against -

EN POINTE TECHNOLOGIES SALES, INC.,

       Third-Party Defendant.

Docket No. 07 CIV 9523 (RMB)



Docket No. 07 CIV 9523 (RMB)

**Third Party Complaint**

     Third-Party Plaintiff, Viacom International Inc. ("Viacom"), by its attorneys, Kauff McClain & McGuire LLP, complaining of Third-Party Defendant, En Pointe Technologies Sales, Inc. ("En Pointe"), alleges as follows:

     1.   Plaintiff Kenneth Pesnell ("Pesnell") has filed against defendant Viacom and against defendant Spherion, Inc., a complaint, a copy of which is attached hereto as "Exhibit A" (the "SDNY Complaint"). In the SDNY Complaint, Pesnell alleges that he was subjected to unlawful discrimination on the basis of his race, color and

national origin. Viacom has denied the material allegations of the SDNY Complaint, including all of Pesnell's allegations of discrimination.

2.      Third-party Plaintiff Viacom brings this action to recover damages from, and for a declaratory judgment against, En Pointe for En Pointe's breach of its agreement with Viacom and for indemnification.

3.      The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and because the agreement at issue is a New York contract, pursuant to which En Pointe consented to personal jurisdiction and venue before this Court.

5.      Viacom is a corporation organized under the laws of the state of Delaware with a principal place of business in New York, New York.

6.      En Pointe is a corporation organized under the laws of the state of Delaware with a principal place of business in El Segundo, California.

7.      En Pointe is a technology services company that, among other things, provides its clients with temporary consultants in the information technology field.

8.      En Pointe entered into an agreement with Viacom on April 26, 2004 for En Pointe to provide certain services to Viacom (the "Agreement").

9.      Paragraph 9 of the Agreement provided that "Key Personnel," as designated in a "Work Order" under the Agreement, could not be removed or reassigned by En Pointe without Viacom's prior written consent.

- 2 -

10.    In paragraph 17 of the Agreement, En Pointe, among other things, agreed that the services required by the Agreement "will be executed ... in accordance with the practices and standards used in professional well-managed operations" and that En Pointe "will use adequate numbers of qualified individuals with suitable training, education, experience and skill" to perform the services provided for by the Agreement.

11.    Pursuant to paragraph 20 of the parties' agreement, En Pointe agreed, in relevant part, to "indemnify and hold harmless Viacom and its affiliates, successors, transferees, assignees and licensees, and the respective agents, associates, officers, directors and employee of each, from and against:  a) any and all damages, costs, expenses, liabilities, claims and causes of action in any way arising by reason of the breach by [En Pointe] of any warranty or representation hereunder or any other provision in this Agreement including, without limitation, reasonable attorneys' fees and costs in the defense and disposition of such matters; and b) any claim for any compensation by any third party related in any way to employment by or contract with [En Pointe] and c) any liability for damage to property or bodily injuries to persons, including injuries resulting in death caused by [En Pointe] or its employees or contractors."

12.    En Pointe employed Pesnell.  Pursuant to the Agreement, En Pointe assigned Pesnell to perform consulting services in the information technology field to Viacom.

13.    Pesnell was designated as a "Key Personnel" in a Work Order dated July 2004.

14.     Pesnell was never employed by Viacom but remained at all relevant times an employee of En Pointe.

15.     En Pointe terminated Pesnell's employment and thereby removed or reassigned Pesnell from his assignment at Viacom without the prior written consent of Viacom.

16.     Viacom did not cause En Pointe to terminate Pesnell's employment. The decision to terminate Pesnell from En Pointe was made entirely by En Pointe and its agents and/or management.

17.     Upon information and belief, in the SDNY Complaint, Pesnell alleges that his employment was terminated by En Pointe because of unlawful discrimination on the basis of his race, color and national origin.

18.     In the SDNY Complaint, Pesnell is seeking compensation from Viacom related to his employment by or contract with En Pointe.

19.     Upon information and belief, in the SDNY Complaint, Pesnell seeks damages for physical injury, including emotional distress, mental anguish, emotional pain, suffering and loss of enjoyment of life.

20.     Pesnell filed a complaint of discrimination with the New York City Commission on Human Rights (the "Administrative Complaint"). Upon information and belief, the Administrative Complaint was dual-filed with the Equal Employment Opportunity Commission. Viacom and two if its employees, Jim Harrison and Tatman Lam, were named as respondents to the Administrative Complaint.

21.     On or about October 25, 2007, Pesnell filed the SDNY Complaint, in which he named Viacom as a defendant.

- 4 -

22.     Viacom has incurred attorneys' fees, expenses and costs to date in connection with Pesnell's claims against Viacom, including in connection with its defense of the Administrative Complaint and the SDNY Complaint. En Pointe is solely responsible for all such fees, expenses and costs and for any relief awarded to Pesnell against Viacom.

23.     Viacom will continue to incur attorneys' fees, expenses and costs in connection with Pesnell's claims against Viacom, including in connection with its defense of the SDNY Complaint. En Pointe is solely responsible for all such fees, expenses and costs and for any relief awarded to Pesnell against Viacom.

24.     Viacom demanded that En Pointe indemnify it in connection with Pesnell's claims on numerous occasions, including by letters addressed to En Pointe's counsel Jacob Stettin, Esq. and dated August 19, 2005, September 12, 2005, September 29, 2005, February 1, 2006, March 3, 2006, January 8, 2007, July 24, 2007, and September 25, 2007. En Pointe has refused to indemnify Viacom in this matter and has failed to provide Viacom with any justification for its refusal. By its actions, En Pointe has breached the Agreement.

## FIRST COUNT
## (BREACH OF CONTRACT)

25.     Viacom repeats and realleges the allegations set forth in paragraphs 1 through 24 above as if fully set forth herein.

26.     En Pointe was bound by the Agreement to provide services to Viacom.

4843-3404-6978.1

27.    Under the Agreement, En Pointe could not remove or reassign any "Key Personnel," as designated in a Work Order, without Viacom's prior written consent.

28.    En Pointe assigned Pesnell to perform services to Viacom under the Agreement. Pesnell was designated as a "Key Personnel." En Pointe breached the Agreement by terminating Pesnell's employment and effectively removing and/or reassigning Pesnell without Viacom's prior written consent

29.    Upon information and belief, in the SDNY Complaint, Pesnell alleges that his termination by En Pointe was the result of unlawful discrimination on the basis of his race, color and national origin.

30.    Under the Agreement, En Pointe agreed to "indemnify and hold harmless Viacom and its affiliates, successors, transferees, assignees and licensees, and the respective agents, associates, officers, directors and employee of each, from and against: a) any and all damages, costs, expenses, liabilities, claims and causes of action in any way arising by reason of the breach by [En Pointe] of any warranty or representation hereunder or any other provision in this Agreement including, without limitation, reasonable attorneys' fees and costs in the defense and disposition of such matters; and b) any claim for any compensation by any third party related in any way to employment by or contract with [En Pointe] and c) any liability for damage to property or bodily injuries to persons, including injuries resulting in death caused by [En Pointe] or its employees or contractors."

31.     Under the Agreement, because of its breach, En Pointe is obligated to indemnify and hold Viacom harmless in connection with Pesnell's allegations against Viacom.

32.     Viacom has demanded indemnification from En Pointe for any and all damages, costs, expenses and attorneys' fees arising from Pesnell's action against Viacom.  En Pointe has refused to indemnify Viacom and has failed to provide any justification for this refusal and has breached the Agreement.

33.     Viacom has incurred substantial attorneys' fees, expenses and other costs in this matter to date and will continue to do so.  In addition, Pesnell is seeking an award against Viacom for which En Pointe would be solely responsible.

34.     By failing to reimburse Viacom for its attorneys' fees, expenses and other costs to date, refusing to undertake to pay such fees, expenses and costs in the future, and refusing to indemnify Viacom with regard to any award Pesnell may receive against Viacom, En Pointe has breached its Agreement with Viacom.  As a result of En Pointe's breach of its Agreement with Viacom, Viacom is entitled to receive an award of its attorneys' fees, expenses and costs to date and a declaratory judgment that En Pointe is solely responsible for any further attorneys' fees, expenses and costs Viacom incurs in connection with Pesnell's allegations and any award made to Pesnell against Viacom.

## SECOND COUNT
### (BREACH OF CONTRACT)

35.     Viacom repeats and realleges the allegations set forth in paragraphs 1 through 34 above as if fully set forth herein.

- 7 -

36.     Upon information and belief, in the SDNY Complaint, Pesnell alleges that his employment was terminated by En Pointe because of unlawful discrimination on the basis of his race, color and national origin.

37.     Viacom did not cause En Pointe to terminate Pesnell's employment. The decision to terminate Pesnell from En Pointe was made entirely by En Pointe and its agents and/or management.

38.     In paragraph 17 of the Agreement, En Pointe, among other things, agreed that the services required by the Agreement "will be executed ... in accordance with the practices and standards used in professional well-managed operations" and that En Pointe "will use adequate numbers of qualified individuals with suitable training, education, experience and skill" to perform the services provided for by the Agreement.

39.     Under the Agreement, En Pointe agreed to "indemnify and hold harmless Viacom and its affiliates, successors, transferees, assignees and licensees, and the respective agents, associates, officers, directors and employee of each, from and against:  a) any and all damages, costs, expenses, liabilities, claims and causes of action in any way arising by reason of the breach by [En Pointe] of any warranty or representation hereunder or any other provision in this Agreement including, without limitation, reasonable attorneys' fees and costs in the defense and disposition of such matters; and b) any claim for any compensation by any third party related in any way to employment by or contract with [En Pointe] and c) any liability for damage to property or bodily injuries to persons, including injuries resulting in death caused by [En Pointe] or its employees or contractors."

- 8 -

40.    If En Pointe is found to have engaged in unlawful discrimination against Pesnell in connection with the termination of Pesnell's employment or otherwise, En Pointe has violated its Agreement with Viacom, in that its execution of the services under the Agreement has not been "in accordance with the practices and standards used in professional well-managed operations" and its agents and/or management has not performed the services with "with suitable training, education, experience and skill."

41.    Under the Agreement, because of its breach, En Pointe is obligated to indemnify and hold Viacom harmless in connection with Pesnell's allegations against Viacom.

42.    Viacom has demanded indemnification from En Pointe for any and all damages, costs, expenses and attorneys' fees arising from Pesnell's action against Viacom. En Pointe has refused to indemnify Viacom, has failed to provide any justification for this refusal and has breached the Agreement.

43.    Viacom has incurred substantial attorneys' fees, expenses and other costs in this matter to date and will continue to do so. In addition, Pesnell is seeking an award against Viacom for which En Pointe would be solely responsible.

44.    By failing to reimburse Viacom for its attorneys' fees, expenses and other costs to date, refusing to undertake to pay such fees, expenses and costs in the future, and refusing to indemnify Viacom with regard to any award Pesnell may receive against Viacom, En Pointe has breached its Agreement with Viacom. As a result of En Pointe's breach of its Agreement with Viacom, Viacom is entitled to receive an award of its attorneys' fees, expenses and costs to date and a declaratory judgment that En Pointe

is solely responsible for any further attorneys' fees, expenses and costs Viacom incurs in connection with Pesnell's allegations and any award made to Pesnell against Viacom.

## THIRD COUNT
### (BREACH OF CONTRACT)

45.    Viacom repeats and realleges the allegations set forth in paragraphs 1 through 44 above as if fully set forth herein.

46.    In the SDNY Complaint, Pesnell is seeking compensation from Viacom related to his employment by or contract with En Pointe.

47.    Under the Agreement, En Pointe agreed to "indemnify and hold harmless Viacom and its affiliates, successors, transferees, assignees and licensees, and the respective agents, associates, officers, directors and employee of each, from and against: a) any and all damages, costs, expenses, liabilities, claims and causes of action in any way arising by reason of the breach by [En Pointe] of any warranty or representation hereunder or any other provision in this Agreement including, without limitation, reasonable attorneys' fees and costs in the defense and disposition of such matters; and b) any claim for any compensation by any third party related in any way to employment by or contract with [En Pointe] and c) any liability for damage to property or bodily injuries to persons, including injuries resulting in death caused by [En Pointe] or its employees or contractors."

48.    Under the Agreement, En Pointe is obligated to indemnify and hold Viacom harmless in connection with Pesnell's claim for compensation against Viacom.

49.    Viacom has demanded indemnification from En Pointe for any and all damages, costs, expenses and attorneys' fees arising from Pesnell's action against

- 10 -

Viacom. En Pointe has refused to indemnify Viacom, has failed to provide any justification for this refusal and has breached the Agreement.

50.     Viacom has incurred substantial attorneys' fees, expenses and other costs in this matter to date and will continue to do so. In addition, Pesnell is seeking an award against Viacom for which En Pointe would be solely responsible.

51.     By failing to reimburse Viacom for its attorneys' fees, expenses and other costs to date, refusing to undertake to pay such fees, expenses and costs in the future, and refusing to indemnify Viacom with regard to any award Pesnell may receive against Viacom, En Pointe has breached its Agreement with Viacom. As a result of En Pointe's breach of its Agreement with Viacom, Viacom is entitled to receive an award of its attorneys' fees, expenses and costs to date and a declaratory judgment that En Pointe is solely responsible for any further attorneys' fees, expenses and costs Viacom incurs in connection with Pesnell's allegations and any award made to Pesnell against Viacom.

**FOURTH COUNT**
**(BREACH OF CONTRACT)**

52.     Viacom repeats and realleges the allegations set forth in paragraphs 1 through 51 above as if fully set forth herein.

53.     Upon information and belief, in the SDNY Complaint, Pesnell seeks damages for physical injury, including emotional distress, mental anguish, emotional pain, suffering and loss of enjoyment of life.

54.     Under the Agreement, En Pointe agreed to "indemnify and hold harmless Viacom and its affiliates, successors, transferees, assignees and licensees, and the respective agents, associates, officers, directors and employee of each, from and against: a) any and all damages, costs, expenses, liabilities, claims and causes of action

- 11 -

in any way arising by reason of the breach by [En Pointe] of any warranty or representation hereunder or any other provision in this Agreement including, without limitation, reasonable attorneys' fees and costs in the defense and disposition of such matters; and b) any claim for any compensation by any third party related in any way to employment by or contract with [En Pointe] and c) any liability for damage to property or bodily injuries to persons, including injuries resulting in death caused by [En Pointe] or its employees or contractors."

55.     Under the Agreement, En Pointe is obligated to indemnify and hold Viacom harmless in connection with Pesnell's allegations against Viacom.

56.     Viacom has demanded indemnification from En Pointe for any and all damages, costs, and attorneys' fees arising from Pesnell's action against Viacom. En Pointe has refused to indemnify Viacom and has failed to provide any justification for this refusal and has breached the Agreement.

57.     Viacom has incurred substantial attorneys' fees, expenses and other costs in this matter to date and will continue to do so. In addition, Pesnell is seeking an award against Viacom for which En Pointe would be solely responsible.

58.     By failing to reimburse Viacom for its attorneys' fees, expenses and other costs to date, refusing to undertake to pay such fees, expenses and costs in the future, and refusing to indemnify Viacom with regard to any award Pesnell may receive against Viacom, En Pointe has breached its Agreement with Viacom. As a result of En Pointe's breach of its Agreement with Viacom, Viacom is entitled to receive an award of its attorneys' fees, expenses and costs to date and a declaratory judgment that En Pointe

is solely responsible for any further attorneys' fees, expenses and costs Viacom incurs in connection with Pesnell's allegations and any award made to Pesnell against Viacom.

## FIFTH COUNT
## (COMMON LAW INDEMNIFICATION)

59.    Viacom repeats and realleges the allegations set forth in paragraphs 1 through 58 above as if fully set forth herein.

60.    Pesnell was never employed by Viacom but remained at all relevant times an employee of En Pointe.  Viacom denies that it engaged in any wrongdoing against Pesnell.

61.    Viacom did not cause En Pointe to terminate Pesnell's employment. The decision to terminate Pesnell from En Pointe was made entirely by En Pointe and its agents and/or management.

62.    Upon information and belief, in the SDNY Complaint, Pesnell alleges, that his employment was terminated by En Pointe because of unlawful discrimination on the basis of his race, color and national origin.

63.    Viacom denies that it had any duty to Pesnell.  If Viacom is found to have had a duty to Pesnell, Viacom has fully discharged that duty.

64.    If En Pointe is found to have unlawfully discriminated against Pesnell in terminating his employment or otherwise, En Pointe has not executed its duty to Pesnell.  In such case, En Pointe is fully responsible to indemnify Viacom under the common law for any award made to Pesnell against Viacom.

## PRAYER FOR RELIEF

**WHEREFORE**, Viacom respectfully requests that the Court:

4843-3404-6978.1

1.    Grant Viacom final judgment against En Pointe for all of Viacom's attorneys' fees, expenses and costs, as well as any other damages, together with pre-judgment and post-judgment interest, for En Pointe's breach of the Agreement in an amount to be determined by this Court, including any relief awarded to Pesnell against Viacom; and

2.    Grant Viacom a declaratory judgment that En Pointe is liable to Viacom for all costs, attorneys' fees, and other expenses recoverable under the Agreement and applicable law in an amount to be determined by this Court and for any relief awarded to Pesnell against Viacom; and

3.    Grant Viacom final judgment against En Pointe for restitution for any award to Pesnell against Viacom; and

4.    Grant Viacom such other and further relief as to the Court shall deem just and proper.

Dated: New York, New York
       November 28, 2007

                          Respectfully submitted,
                          KAUFF McCLAIN & McGUIRE LLP
                          Attorneys for Third-Party Plaintiff
                          Viacom International Inc.

                          By: _____
                              Michele A. Coyne (MC 1795)

                          950 Third Avenue – 14th Floor
                          New York, New York  10022
                          (212) 644-1010

# UNITED STATES DISSTICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH PESNELL,<br><br>Plaintiff,<br><br>-v-<br><br>VIACOM INTERNATIONAL, INC. and<br>SPHERION, INC.<br><br>Defendants. | Case No:<br><br><br><br>**COMPLAINT**<br><br>JURY DEMAND |

## NATURE OF THE ACTION AND THE PARTIES

1.  This is an action to redress unlawful employment practices, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), on the basis of this race, color and national origin, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §290 et seq. and the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code §8 -101 et seq.

2.  Plaintiff Kenneth Pesnell ("Mr. Pesnell" or "Plaintiff") is an adult residing in Brooklyn, New York.  Mr. Pesnell is of African decent (Black) from the nation of Trinidad and Tobago.

3.  Defendant Viacom International, Inc. ("Viacom" or "Defendant") is business corporation organized under the laws of the State of Delaware. They can be found at 1515 Broadway, New York, NY 10036. Viacom International, a subsidiary of Viacom, an American media conglomerate with various worldwide interests in cable and satellite television networks, such as,  Music Television Networks ("MTV") and Black Entertainment Television ("BET"),

1

and movie production and distribution (the Paramount Pictures and DreamWorks movie studios).

4. Viacom employs Jim Harrison ("Harrison") as a manager in its office located at 1515 Broadway, New York, NY 10036. Viacom employs Tatman Lam ("Lam") as a Desktop Manager in its computer services division located at 1515 Broadway, New York, NY 10036.

5. Defendant Spherion is an employment agency located at 1400 Old Country Road, Suite 411, Westbury, NY 115530. Viacom has absolute control of Spherion with respect to any employment decisions on the placement and employment of temporary employees placed with Viacom.

6. Spherion employs Alex Constantantos ("Constantantos") as an Account Executive, Infrastructure Solutions

7. En Point Technologies, Inc. is an employment agency located at 100 North Sepulveda Blvd., 19th Floor, El Segundo, CA 90245. Viacom has absolute control of En Point with respect to any employment decisions on the placement and employment of temporary employees placed with Viacom.

8. En Point Technologies employs Ronald March ("March") as an account executive.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and because all causes of action accrued within New York County, New York.

11. On September 11, 2007, the EEOC issued a Notice of Right To Sue, which Plaintiff received several days later.

2

12. Mr. Pesnell has satisfied all of the statutory prerequisites to filing suit in this Court.

13. Plaintiff seeks an award of appropriate relief.

## FACTS

15. In July 2004, Mr. Pesnell was placed for temporary employment with Viacom through En Point Technologies to work as a computer consultant at Viacom's place of business in the City of New York.

16. From August 2004, through February 2005, Lam and Harris subjected Mr. Pesnell to disparate treatment, including but not limited to assigning Mr. Pesnell to projects that were not in his contract, refusing to modify the contract to reflect the work performed because of his race and national origin,

17. On or about November 9, 2 004, Mr. Pesnell requested Harrison to hire him as a full time Viacom employee given that it was well known that Viacom was in the process of hiring fulltime employees. Harrison declined to commit to hiring Mr. Pesnell for the supposed reason of waiting for next years budget.

18. On or about January 17, 2005, Viacom hired an equally or less qualified employee who is neither Trinidadian nor Black for the position occupied by Mr. Pesnell.

19. In February 2005, Mr. Pesnell again requested Viacom to hire him for another available full time position. Viacom, through Lam, again refused to hire Mr. Pesnell. Rather than hiring Mr. Pesnell as a full time Viacom employee with the salary and benefits of full time employment, Lam directed Spherion to employ Mr. Pesnell as a contract employee working for Viacom. Although Mr. Pesnell would be required to meet all of the performance standards of a full time Viacom employee, his position through Spherion would pay substantially less than a

3

full time Viacom employee with no benefits such as a medical and dental insurance and a retirement plan.

20. On or about February 11, 2005, Constantantos, acting as an agent for Viacom, was instructed to employ Mr. Pesnell. Constantantos, however, was under instructions to offer Mr. Pesnell a rate of pay that would be no better than a less experienced technician would have received. Such onerous term was intended to discourage Mr. Pesnell from accepting such a position. Mr. Pesnell, however, attempted to bargain for a better deal. Constantantos, however, was under instructions from Viacom and as such, he simply called Mr. Pesnell ignorant and hung up his telephone receiver.

21. Mr. Pesnell, on information and belief, knows that Spherion does not treat similarly situated non-Black and non-Trinidadian applicants in such a discriminatory manner.

22. Finally, on or about February 11, 2005, Viacom instructed its agent, En Point, through March, to terminate Mr. Pesnell's service contract which effectively terminated his employment with Viacom.

## COUNT ONE
## (TITLE VII)

23. Mr. Pesnell repeats and realleges every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as though fully set forth herein.

24. Defendants Viacom and Spherion each employ more than 100 employees.

25. At all relevant times, Defendants Viacom and Spherion were employers within the meaning of the Title VII.

26. At all relevant times, Mr. Pesnell was an "employee" within the meaning of Title VII.

4

27.  Defendants Viacom and Spherion's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis of race and national origin in violation of Title VII.

28.  Defendants Viacom and Spherion's conduct, as alleged herein, was carried out with malice or reckless disregard for Mr. Pesnell's protected right to be free from discrimination.

29.  As a result Viacom's unlawful conduct, Mr. Pesnell has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Mr. Pesnell is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Viacom under Title VII.

30.  As a further result of Defendants Viacom and Spherion's unlawful conduct, Mr. Pesnell has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Mr. Pesnell is entitled to recover damages for such injuries from Viacom under Title VII.

## COUNT TWO
### (NYSHRL)

31.  Mr. Pesnell repeats and realleges every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as though fully set forth herein.

32.  At all relevant times, Defendants Viacom and Spherion were an "employer" within the meaning of the NYSHRL. N.Y. Exec. Law § 290 et seq.

5

33. At all relevant times, Mr. Pesnell was an "employee" within the meaning of the NYSHRL and a "person" within the meaning of the NYSHRL.

34. Defendants Viacom and Spherion's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of on the basis of race and national origin in violation of the NYSHRL.

35. As a result of Defendants Viacom and Spherion's unlawful conduct, Mr. Pesnell has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Mr. Pesnell is entitled to recover such monetary and other damages, from Viacom under the NYSHRL.

36. As a further result of Defendants Viacom and Spherion's unlawful conduct, Mr. Pesnell has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Mr. Pesnell is entitled to recover damages for such injuries from Viacom under the NYSHRL.

## COUNT THREE
## NYCHRL

37. Mr. Pesnell repeats and realleges every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as though fully set forth herein.

38. At all relevant times, Defendants Viacom and Spherion were an "employer" within the meaning NYCHRL. N.Y.C. Admin. Code §8 -101 et seq.

39. At all relevant times, Mr. Pesnell was an "employee" within the meaning of the NYCHRL and a "person" within the meaning of the NYCHRL.

6

40. Defendants Viacom and Spherion's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of race and national origin in violation of the NYCHRL.

41. As a result of Viacom' unlawful conduct, Mr. Pesnell has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Mr. Pesnell is entitled to recover such monetary and other damages, from Defendants Viacom and Spherion under the NYCHRL.

42. As a further result of Viacom' unlawful conduct, Mr. Pesnell has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Mr. Pesnell is entitled to recover damages for such injuries from Defendants Viacom and Spherion under the NYCHRL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment as follows:

(A) On Count One, enter a judgment declaring the acts and practices of the Defendants to be in violation of the Title VII.

(B) On Count One, award Plaintiff as against the Defendants loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of said Defendants' unlawful discrimination, unlawful harassment, in accordance with Title VII and other supporting laws.

(C) On Count One, award Plaintiff as against the Defendants consequential damages for

7

losses resulting from Defendants' unlawful discrimination and unlawful harassment in accordance with Title VII and other supporting laws.

(D) On Count One, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with Title VII and other supporting laws.

(E) On Count One, award Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees, in accordance with Title VII and other supporting laws.

(F) On Count Two, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYSHRL.

(G) On Count Two, award Plaintiff as against Defendants loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of said Defendants' unlawful discrimination, unlawful harassment, in accordance with the NYSHRL.

(H) On Count Two, award Plaintiff as against Defendant consequential damages for losses resulting from Defendants' unlawful discrimination and unlawful harassment in accordance with the NYSHRL.

(I) On Count Two, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYSHRL.

(J) On Count Two, award Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees, in accordance with the NYSHRL.

(K) On Count Three, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYCHRL.

(L) On Count Three award Plaintiff as against Defendants consequential damages for losses resulting from Defendant's unlawful discrimination in accordance with the NYCHRL.

(M) On Count Three, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYCHRL.

(N) Grant Plaintiff such other and further relief as may be necessary and proper.

### JURY DEMAND

Plaintiff demands a jury trial for all issues triable by jury.

Dated: New York, New York

October 25, 2007.

By: _____
LOCKSLEY O. WADE (LW 0078)
LAW OFFICE OF LOCKSLEY O. WADE, LLC
15 W. 39th Street, 3rd Floor
New York, NY 10018
(212) 220-3610
(212) 253-4142 (facsimile)
lwade@lwade-law.com
*Attorney for Plaintiff*

9