UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH PESNELL,<br><br>Plaintiff,<br><br>-against-<br><br>VIACOM INTERNATIONAL, INC. and SPHERION, INC.,<br><br>Defendants.<br><br>―――――――――――――――――――<br><br>VIACOM INTERNATIONAL, INC.,<br><br>Third-Party Plaintiff,<br><br>-against-<br><br>EN POINTE TECHNOLOGIES SALES, INC.,<br><br>Third-Party Defendant. | Docket No. 07 Civ. 9523 (RMB)<br><br>**ANSWER TO THIRD PARTY COMPLAINT** |

Third-Party Defendant En Pointe Technologies Sales, Inc. ("En Pointe"), by its attorneys Feinzeig & Jaskiel as and for its answer to the Third-Party Complaint of Third-Party Plaintiff Viacom International, Inc. ("Viacom") alleges as follows:

1.   Paragraphs 1, 2, 19 and 53 of the Third-Party Complaint do not require a response as they do not allege a statement of fact.

2.   En Pointe denies sufficient information and belief to form a response to the allegations contained in paragraphs 5, 20, and 63 of the Third-Party Complaint

3. With respect to the allegations contained in paragraphs 8, 9, 10, 11, 26, 27, 30, 38, 39, 40, 47 and 54 of the Third-Party Complaint, En Pointe admits that it entered into a written agreement to provide certain services to Viacom and refers the Court to the agreement for its terms.

4. With respect to paragraphs 15, 16, 28, 37 and 61 of the Third-Party Complaint, En Pointe did not terminate Pesnell's employment. Pesenell's contract with En Pointe expired by its terms and En Pointe did not enter into a new contract with him. En Pointe denies the other allegations of these paragraphs.

5. En Pointe denies the allegations of paragraphs 17, 18, 29, 31, 34, 36, 41, 44, 46, 48, 51, 55, 58, 62 and 64 of the Third-Party Complaint.

6. With respect to paragraphs 22, 23, 33, 43, 50 and 57 of the Third-Party Complaint, En Pointe denies sufficient information and belief to form a response to the allegations contained in their respective first sentences and denies the allegations of the second sentence.

7. With respect to paragraphs 24, 32, 42, 49 and 56 of the Third-Party Complaint, En Pointe denies that it has any obligation to indemnify Viacom or that it breach any agreement.

**AS AND FOR A FIRST DEFENSE**

8. The Third-Party Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

9. Viacom cannot, as a matter of public policy, be indemnified for the claims alleged in the Complaint.

## AS AND FOR A THIRD DEFENSE

10. Under the terms of the applicable agreements, En Pointe is not obligated to indemnify Viacom from the claims made by Pesnell.

WHEREFORE, En Pointe demands judgment dismissing the Third-Party Complaint with prejudice, awarding it the costs an disbursements of this action and granting it such other relief as may be just and proper.

Dated: Brooklyn, New York
January 3, 2008

FEINZEIG & JASKIEL

Solomon J. Jaskiel (SJJ-0671)
1386 Coney Island Avenue
Brooklyn, NY 11230
(718) 377-7800

Attorney for En Pointe Technologies Sales, Inc.

## CERTIFICATE OF SERVICE

SOLOMON J. JASKIEL certifies that the attached Answer to Third-Party Complaint was served by regular mail in January 3, 2007 upon:

Locksley O'Sullivan Wade, Esq.
Law Office of Locksley O. Wade, LLC
15 West 39th Street, 3d Floor
New York, NY 10018
lwade@lwade-law.com
Attorney for Plaintiff

Michele A. Coyne, Esq.
Kauff McClain & McGuire LLP
950 Third Avenue, 14th Floor
New York, NY 10022
coyne@kmm.com
Attorney for Defendant Viacom International, Inc.

Donia Sawwan, Esq.
Fox Rothschild LLP
100 Park Avenue, Suite 1500
New York, NY 10017
Attorney for Defendant Spherion Corp.

Dated: Brooklyn, New York
       January 3, 2008

SOLOMON J. JASKIEL